IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDY O. TROTTER,

    Petitioner,               No. 2:10-cv-0996 FCD KJN P

    vs.

R. LOPEZ, Warden,
California State Prison-Corcoran,

    Respondent.          ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 conviction, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Examination of the petition for writ of habeas corpus indicates that petitioner

////

////

////

1

appears to have exhausted, at most, only the first three[1] of his six claims for relief.  Petitioner states that his "appeal attorney did not include grounds 4 through 6[2] in [the] petition to [the] State Supreme Court, only 1-3."  (Petition (Dkt. No. 1), at p. 3.)  Petitioner has fully briefed his arguments in support of his three exhausted claims (id., at pp. 6a - 11), but provides no briefing on his unexhausted claims.  Petitioner does not state that he has sought, or is seeking, to exhaust those claims in state court.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting those claims to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  A state court has had an opportunity to rule on the merits of a claim if that claim was fairly presented, that is, the petitioner described the operative facts and legal theory on which the claim

---

[1] Petitioner states that the following claims are exhausted (Petition, at pp. 3-3a):

Appellant's due process rights were violated because there was insufficient evidence to support the gang enhancement.

Appellant's rights to due process, a fair trial and to present a defense, were violated by the trial court's evidentiary rulings.

Appellant received ineffective assistance of counsel due to counsel's failure to object to and request an admonition for the prosecutor's misconduct in becoming an unsworn witness in the case.

[2] Petitioner describes his three unexhausted claims as follows (Petition, at p. 3a) :

4. Appellant was deprived of his right to meaningful appellant review when the court allowed parties to stipulate that the court reporter did not need to transcribe the court's oral, supplemental instructions to jury.

5. This court should independently review the sealed transcripts and all documents relevant to appellant's [P]itchess motion, to determine if trial court followed appropriate procedures and exercised it's discretion approp[r]iately.

6. Appellant's sentence to upper term must be reversed bec[au]se it violates the [S]ixth ammendment (sic) as clarified in Cunningham vs. Cal.

is based. Picard, 404 U.S. at 277-78. It is generally "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Rather, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63; Picard v. Connor, 404 U.S. at 271; see also Duncan v. Henry, 513 U.S. 364, 365 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court").

        A federal district court may not entertain a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1).

        Because the instant petition is a "mixed petition," containing both exhausted and unexhausted claims, and because petitioner does not assert that he has sought to exhaust his unexhausted claims, petitioner will be given three options:  (1) request dismissal of his unexhausted claims, thus authorizing that this action proceed only on petitioner's exhausted Claims 1 through 3; or (2) if petitioner has exhausted claims 4 through 6, he should file an amended petition confirming such exhaustion; or (3) request voluntary dismissal of this action so petitioner may complete exhaustion of claims 4 through 6 in state court and then file a new federal petition presenting all of his exhausted claims. Petitioner shall indicate his choice on the attached "Notice of Election," which he shall file within thirty days after service of this order; if petitioner chooses to file an amended petition, he shall attach the amended petition to the "Notice."

        Petitioner is advised, however, that if he chooses the third option above, any future federal petition for writ of habeas corpus may be time barred. The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal

court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). The court, at this juncture, takes no position on the option petitioner should exercise or the legal ramifications of such an election.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis; and

2. Within thirty (30) days after service of this order, petitioner shall complete and file the attached "Notice of Election;" if petitioner chooses to file an amended petition, he shall attach the amended petition to the "Notice."

DATED: October 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDY O. TROTTER,

        Petitioner,                No. 2:10-cv-0996 FCD KJN P

    vs.

R. LOPEZ, Warden,
California State Prison-Corcoran,

        Respondent.            NOTICE OF ELECTION
_____/

        Pursuant to the court's order filed October 12, 2010, petitioner hereby elects to:

\_\_\_ (1) Request dismissal of unexhausted Claims 4 through 6 set forth in the Petition, and proceed only on exhausted Claims 1 through 3;

**OR**

\_\_\_ (2) File an amended petition confirming exhaustion of claims 4 - 6;

        **and**

    \_\_\_\_ Attaches hereto the Amended Petition.

**OR**

\_\_\_ (3) Requests voluntary dismissal of this action

_____        _____

DATE                                      PETITIONER